UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHENBIN FAN,<br><br>  Plaintiff,<br><br>  v.<br><br>LAWRENCE BERKELEY NATIONAL LABORATORY, et al.,<br><br>  Defendants. | Case No. 14-cv-02399-TEH<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO AMEND AND DENYING FEDERAL DEFENDANTS' MOTION TO DISMISS AS MOOT** |

This matter comes before the Court on a motion to dismiss filed by Defendants Lawrence Berkeley National Laboratory ("LBNL") and U.S. Department of Energy ("DOE"). In response to the motion, Fan requested leave to amend so that he could dismiss DOE as a defendant, remove all federal claims, and seek remand to state court. LBNL and DOE do not object to this request. Defendant Regents of the University of California expressed no opinion on either DOE and LBNL's motion to dismiss or Fan's request for leave to amend.

After carefully reviewing the parties' written arguments, the Court finds the motion suitable for resolution without oral argument and hereby VACATES the September 15, 2014 hearing date.

At this early stage of the proceedings, Fan may make the "straight-forward tactical decision" to dismiss his federal claims and seek remand to state court. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). The Court therefore GRANTS Fan's unopposed request for leave to amend to remove all federal claims, thus rendering Defendants' motion to dismiss moot. Fan shall file his second amended complaint on or before **September 15, 2014**.

While Fan intends to remove DOE from the amended complaint, he contends that LBNL remains a proper defendant. LBNL disagrees, arguing that: (1) it is a federal entity; (2) workplace claims against a federal entity may only be brought under Title VII; and

(3) Fan does not intend to bring any claims under Title VII in his second amended complaint and may therefore not bring any claims against LBNL. Fan does not dispute that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment," *Brown v. Gen. Serv. Admin.*, 425 U.S. 820 (1976), but LBNL has not persuaded the Court that LBNL must be considered a federal entity. For example, one of the cases cited by LBNL for the proposition that it is jointly operated by state and federal agencies considered LBNL to be a state, not federal, defendant. *See Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F.3d 1260, 1266 (9th Cir. 1998) (referring to the then-Secretary of the DOE as the "sole federal defendant" in a case in which LBNL was also a defendant). The Court therefore DENIES LBNL's request for dismissal with prejudice.

Although the Court cannot say that LBNL is necessarily a federal entity, it also does not, on the scant argument before it, decide at this time whether LBNL is necessarily a state entity for purposes of this case. In the interest of avoiding unnecessary litigation, the parties shall meet and confer as Fan prepares his second amended complaint to attempt to reach agreement on whether Fan may bring state law claims against LBNL. The parties shall also discuss whether they will stipulate to remanding this case and, if so, file a stipulation and proposed order concurrently with Fan's second amended complaint.

**IT IS SO ORDERED.**

Dated: 08/26/14

THELTON E. HENDERSON
United States District Judge

2